IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

STANLEY MAURICE ROBINSON,      )
                               )
          Petitioner,          )
                               )
vs.                            )     Case No. 03-CV-183-TCK-PJC
                               )
RON WARD, Director; and        )
STATE OF OKLAHOMA,             )
                               )
          Respondents.         )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. #

1). Petitioner challenges his conviction entered in Creek County District Court, Case No. CF-1999-

333. Respondent filed a response (Dkt. # 6) to the petition, and has provided the state court records

(Dkt. #s 6 and 7) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. #

10) to Respondent's response. For the reasons discussed below, the Court finds the petition should

be denied.

### BACKGROUND

On October 14, 1999, Petitioner Stanley Robinson was arrested for driving a vehicle which

had been reported stolen. He was charged in Creek County District Court, Case No. CF-1999-333,

with Unauthorized Use of a Motor Vehicle, After Former Conviction of Two or More Felonies. At

the conclusion of a jury trial, Petitioner was found guilty as charged. On February 3, 2000, the trial

court sentenced Petitioner in accordance with the jury's recommendation to forty (40) years

imprisonment. Petitioner was represented at trial by attorneys Jessica E. Rainey and James Dennis.

Represented by attorney S. Gail Gunning, Petitioner appealed his conviction and sentence

to the Oklahoma Court of Criminal Appeals ("OCCA").   On appeal, he identified a single

proposition of error as follows:

> Proposition:   Due to improper presentation of prejudicial evidence and argument to the jury during the sentencing phase of trial, appellant's sentence is excessive and should be modified.

(Dkt. # 6, Ex. A).  In an unpublished summary opinion, filed February 9, 2001, in Case No. F-2000-

138, the OCCA denied Petitioner's claim and affirmed the Judgment and Sentence of the trial court.

See Dkt. # 6, Ex. C.

Thereafter, on August 24, 2001, Petitioner filed an application for post conviction relief in

the state district court.  See Dkt. # 6, Ex. D.  He raised four (4) claims as follows:

> Ground 1:   Petitioner was denied effective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights.

> Ground 2:   Petitioner was denied his right to effective assistance of trial counsel, as guaranteed to him through Title 22 O.S. Section 1355.6 'Contract Attorney' that recognized under Oklahoma Constitution Article 2, Sections 7 & 20, mandated through the United States Constitution of the 6th and 14th Amendments.

> Ground 3:   The trial court improperly instructed the jury, during the bifurcated proceeding to enhancement under Title 21 O.S. Section 51(B), rather than under Section 51(A), applicable to one (1) single prior conviction (Case No. CRF-90-263) as a valid prior conviction to be relied upon by the prosecution.

> Ground 4:   Petitioner's forty (40) years sentence should be modified, because he was erroneously sentenced under Title 21 O.S. Section 51(B), which two or more prior felony convictions for enhancement of sentence required, when section 51(A) was only applicable in this case.

See Dkt. # 6, Ex. D. By Order filed March 15, 2002 (Dkt. # 6, Ex. E), the district court entered

findings of fact and conclusions of law and denied the request for post-conviction relief.  Petitioner

appealed to the OCCA.  By order filed February 20, 2003 (Dkt. # 6, Ex. F), the OCCA considered

two (2) claims, as follows:  (1) the District Court erred in denying the post-conviction claims in such

a summary fashion, if there exists a material issue of fact raised; and (2) ineffective assistance of trial and appellate counsel as his sentence was improperly enhanced.  Id.  The OCCA rejected both claims and affirmed the district court's denial of post-conviction relief.  Id.

On March 17, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition Petitioner seeks habeas corpus relief on the following grounds:

Ground 1:    Due to improper presentation of prejudicial evidence and argument to the jury during the sentencing phase of trial, appellant's sentence is excessive and should be modified.

Ground 2:    Trial court erred in allowing the jurors to consider insufficient judgments and sentences for enhander (sic) during the penalty stage.

Ground 3:    Ineffective assistance of trial and appellate counsel as his sentence was improperly enhanced.

Ground 4:    The state court erred in denying the post-conviction in such a summary fashion, if there exists a material issue of fact raised.

(Dkt. # 1). In response to the petition, Respondent contends that Petitioner is not entitled to habeas corpus relief.  See Dkt. # 6.

## *ANALYSIS*

### A.  Exhaustion/Evidentiary Hearing

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.  In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be

3

applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's first claim on direct appeal and his claim of ineffective assistance of appellate counsel on post-conviction appeal. With these considerations in mind, the Court will review Petitioner's claims adjudicated by the OCCA.

### 1. Prosecutorial misconduct resulting in excessive sentence (ground 1)

As his first proposition of error, Petitioner complains that the prosecutor improperly presented to the jury prejudicial evidence and argument during the sentencing phase of trial resulting in the imposition of an excessive sentence. See Dkt. # 1. Specifically, Petitioner complains that the prosecutor introduced Judgments and Sentences from prior convictions containing information on the lengths of his sentences that would indicate Petitioner was on parole or probation at the time the

new offense was committed and made improper comments during her closing argument. Id. On

direct appeal, the OCCA rejected Petitioner's claim of prosecutorial misconduct, finding as follows:

> We reject Appellant's argument that the jury was exposed to improper
> evidence regarding Appellant's prior convictions.  There was nothing in the second
> stage exhibits which indicated that Appellant was on parole or probation at the time
> that he committed the crime in this case.  Such information was properly excised
> from the second stage exhibits in accordance with this Court's ruling in *Cooper v.*
> *State*, 806 P.2d 1136, 1139 (Okl.Cr.1991). We also decline to find that the
> prosecutor's comments in closing about the nature of Appellant's prior convictions
> require relief as these comments were met with objection and the trial court
> admonished the jury.  Such admonishment cured any error.  *See Childers v. State*,
> 764 P.2d 900, 904 (Okl.Cr.1982).  As Appellant's sentence was not so greatly
> disproportionate to the crime itself that it shocks the conscience of this Court,
> sentence modification is not required.  *See Jones v. State*, 965 P.2d 385, 386
> (Okl.Cr.1998).

(Dkt. # 6, Ex. C).

As a preliminary matter, habeas corpus relief is available for prosecutorial misconduct only

when the prosecution's conduct is so egregious in the context of the entire trial that it renders the

trial fundamentally unfair.  Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings

v. Evans, 161 F.3d 610, 618 (10th Cir.1998).  Inquiry into the fundamental fairness of a trial requires

examination of the entire proceedings.  Donnelly, 416 U.S. at 643.  "To view the prosecutor's

[conduct] in context, we look first at the strength of the evidence against the defendant and decide

whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the

prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also

Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the entire trial transcript, see Dkt. # 7, the Court finds that the OCCA's

rejection of this claim was not an unreasonable application of constitutional law.  First, the OCCA

made a finding of fact that nothing in the second stage exhibits reflected that Petitioner was on

5

parole or probation at the time that he committed the crime in this case. According to the OCCA, that information was properly redacted from the second stage exhibits in accordance with <u>Cooper v. State</u>, 806 P.2d 1136, 1139 (Okl.Cr.1991).  Pursuant to 28 U.S.C. § 2254(e)(1), a finding of fact by a state court is presumed correct unless the petitioner presents clear and convincing evidence to overcome the presumption.  Petitioner has failed to sustain his burden of proof and the OCCA's finding is presumed correct. The Court notes that in his reply (Dkt. # 10 at 4), as he did on direct appeal, <u>see</u> Dkt. # 6, Ex. A, Petitioner argues that the erroneous admission of the documents was compounded by the prosecutor's comments, made during closing argument, encouraging the jurors "to inspect the exhibits -- both the judgment and sentence documents and the docket sheets in detail." <u>See also</u> Dkt. # 7, Tr. Trans. at 147-148. However, as discussed above, Petitioner has failed to present evidence suggesting that the OCCA's finding of fact concerning the redaction of the documents was incorrect. As a result, his complaint concerning the propriety of the prosecutor's comments is negated by the finding that the information submitted to the jury was properly redacted.

The Court has also reviewed other allegedly improper comments made by the prosecutor during the second stage of Petitioner's trial.  The record reflects that in her final closing argument, the prosecutor made comments suggesting that Petitioner's prior convictions[1] could be characterized as crimes against a person.  Defense counsel lodged an objection to the prosecutor's comments. <u>See</u> Dkt. # 7, Tr. Trans. at 150-151.  After hearing counsels' arguments at the bench, the trial court judge

---

[1]Petitioner's prior convictions, as presented in the sentencing stage, <u>see</u> Dkt. # 7, Tr. Trans. at 138-139, were the following: Feloniously Carrying a Firearm, Creek County District Court, Case No. CRF-79-151; Driving While Under the Influence of Intoxicating Liquor, Second or Subsequent Offense, Creek County District Court, Case No. CRF-86-407; Burglary, Second Degree, Creek County District Court, Case No. CRF-90-263; and Burglary, Second Degree (Count 1), and Grand Larceny (Count 2), Creek County District Court, Case No. CRF-94-147.

6

explained to the jury that none of Petitioner's crimes fit the technical definition of a crime against a person. Id. at 151. As cited above, the OCCA held on direct appeal that the trial court's admonishment cured any error.  Although the OCCA did not cite federal law in its ruling on this issue, the Tenth Circuit has recognized that the OCCA's longstanding position that a trial court's admonition usually cures any error is not in conflict with the standard established by federal law. Patton v. Miller, 425 F.3d 788, 800 (10th Cir. 2005). Federal law provides that there is a presumption "that a jury will follow an instruction to disregard inadmissible evidence unless there is an overwhelming probability that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be devastating to the defendant." See Greer v. Miller, 483 U.S. 756, 766 n. 8 (1987).  Based upon the facts of this case, the Court agrees with the OCCA's conclusion that the prosecutor's comments concerning the nature of Petitioner's prior convictions, made during second stage proceedings, were cured by the immediate objection and instruction given by the trial court to the jury.

The Court concludes that the OCCA's adjudication of Petitioner's claim of prosecutorial misconduct resulting in an excessive sentence was not contrary to clearly established federal law. Lacking either countervailing Supreme Court precedent or an indication that the OCCA's determination of the facts in this case was manifestly unreasonable, this Court defers to the OCCA's rejection of Petitioner's prosecutorial misconduct claim and affirmance of his sentence. Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

## 2. Ineffective assistance of appellate counsel (part of ground 3)

As his part of his third proposition of error, Petitioner asserts that appellate counsel provided ineffective assistance of counsel in failing to research the law surrounding use of his prior convictions to enhance his sentence. Petitioner claims that because he had more than two (2) prior convictions, he was ineligible for suspended sentences as entered in Creek County District Court, Case Nos. CRF-86-407 and CRF-94-147. Petitioner further argues that since he was improperly sentenced in those prior cases, the convictions are invalid and could not be used as prior convictions for the purpose of sentence enhancement. See Dkt. # 1. Petitioner presented a claim of ineffective assistance of appellate counsel to the OCCA on post-conviction appeal. The OCCA rejected the claim, finding as follows:

> Petitioner argues he was denied effective assistance of appellate counsel because appellate counsel did not raise issues Petitioner believes should have been raised on direct appeal. Failure to raise each and every issue is not determinative of ineffective assistance of counsel, and counsel is not required to advance every cause of argument regardless of merit. See Cartwright v. State, 1985 OK CR 136, ¶¶ 6-8, 708 P.2d 592. The record does not support Petitioner's contention he was denied effective assistance of appellate counsel.

(Dkt. # 6, Ex. F).

Upon review of the OCCA's opinion, the Court finds that the standard applied by the state appellate court in rejecting the ineffective assistance of appellate counsel claim was wrong as a matter of federal constitutional law. See Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, and the omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance); see also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). "Because the OCCA's analysis of petitioner's ineffectiveness allegations deviated from the controlling federal

8

standard, it is not entitled to deference" on habeas review. Cargle, 317 F.3d at 1205; see also

Malicoat, 426 F.3d at 1248.  As a result, this Court's review of Petitioner's ineffective assistance

of appellate counsel claim shall be *de novo.*

      In evaluating Petitioner's claim of ineffective assistance of appellate counsel, the Court

applies the Strickland two-pronged standard used for claims of ineffective assistance of trial counsel.

See United States v. Cook, 45 F.3d 388, 392 (10th Cir.1995). The Strickland test requires a showing

of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient

performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). When a habeas petitioner alleges

that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal,

the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152

(10th Cir. 1999).  If the omitted issue is meritless, then counsel's failure to raise it does not amount

to constitutionally ineffective assistance.  Id.; see also Parker v. Champion, 148 F.3d 1219, 1221

(10th Cir.1998) (citing Cook, 45 F.3d at 392-93). If the issue has merit, the Court then must

determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial.

Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394.  The relevant questions for assessing

Petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was

"objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there

is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims,

Petitioner "would have prevailed on his appeal."  Neill v. Gibson, 278 F.3d 1044, 1057 (10th Cir.

2001) (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-

91)).

      In this case, the Court finds Petitioner has failed to establish that appellate counsel performed

deficiently in omitting a meritorious issue.  First, the allegedly erroneous entry of suspended sentences does not invalidate two (2) of Petitioner's prior convictions for purposes of sentence enhancement. See McCormack v. Jones, 2007 WL 2552130 (10th Cir. Sept. 6, 2007) (unpublished opinion cited for persuasive value); cf. United States v. Jackson, 493 F.3d 1179, 1184 (10th Cir. 2007) (concluding that where a prior sentence includes an invalid term, "the appropriate remedy is vacatur of the invalid portion of the sentence, and not reversal of the conviction itself" resulting in proper consideration of conviction in calculating criminal history).  Petitioner relies on Bumpus v. State, 925 P.2d 1208 (Okla. Crim. App. 1996), for the proposition that two of his prior convictions are invalid because he received suspended sentences when he was not eligible for suspension of the sentences. In Bumpus, the OCCA held, however, that the defendant's suspended sentence was voidable, rather than void on its face. Id. at 1209-10. In Davis v. State, 845 P.2d 194, 197 (Okla. Crim. App. 1993), the OCCA explained that when a defendant enters a plea of guilty, jeopardy attaches when the plea is accepted and judgment and sentence is entered. Id. If a suspended sentence is entered when the court lacks authority to enter said sentence, the part of the judgment and sentence directing service of the sentence to be suspended is void and should be stricken.  Id. The validity of the judgment, however, is unaffected. Id. In addition, under Oklahoma law, any challenge to the validity of a sentence must be made while the allegedly invalid sentence is being served. King v. State, 29 P.3d 1089, 1090-91 (Okla. Crim. App. 2001).

In the instant case, Petitioner's prior convictions for which he received suspended sentences were not void on their face or otherwise invalid for the purpose of sentence enhancement. Petitioner's convictions in those cases were final and properly used for enhancement.  See King, 29 P.3d at 1090-91; Davis, 845 P.2d at 197; Parker v. State, 556 P.2d 1298 (Okla. Crim. App. 1976).

Therefore, neither trial nor appellate counsel performed deficiently in failing to challenge the validity of those convictions during either the sentencing phase of Petitioner's trial or on appeal. Strickland, 466 U.S. at 687.  In addition, the Court finds there is no reasonable probability that Petitioner would have prevailed on direct appeal had appellate counsel presented the arguments presently urged by Petitioner. Neill, 278 F.3d at 1057. The Court concludes that Petitioner has failed to satisfy the Strickland standard and, as a result, he is not entitled to habeas corpus relief on his claim of ineffective assistance of appellate counsel.

**C.  Procedural Bar (ground 2 and part of ground 3)**

Petitioner alleges in his second ground for relief that the trial court erred in allowing the prosecution to enter into evidence during the sentencing stage two (2) prior judgments and sentences which were invalid because the sentences were suspended although Petitioner was ineligible for suspended sentences because he already had two (2) prior convictions.  See Dkt. # 1. As part of his third proposition of error, Petitioner claims he did not receive effective assistance of trial counsel who failed to discover the alleged invalidity of the two (2) prior convictions. Neither issue was presented to the OCCA on direct appeal.  Petitioner presented the claims to the state courts for the first time in his post-conviction proceedings. In affirming the state district court's denial of post-conviction relief, the OCCA held that "all issues not raised in the direct appeal, which could have been raised, are waived. Any allegations as to trial counsel's ineffectiveness have been waived as this is an issue which could have been raised on direct appeal. *Castro v. State*, 1994 OK CR 53, ¶ 3, 880 P.2d 387. Petitioner did not raise this issue on direct appeal." See Dkt. # 6, Ex. F.  In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's second ground and his ineffective assistance of trial counsel claim. The

Court agrees with Respondent that Petitioner's ground 2 and his claim of ineffective assistance of trial counsel are procedurally barred.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's claims challenging the basis for sentence enhancement and the effectiveness of his trial counsel are procedurally barred. The OCCA's procedural bar based on Petitioner's failure to raise the claims in a direct appeal is an "independent" state ground because it "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, as to Petitioner's challenge to the basis for his sentence enhancement, the procedural bar was based on an "adequate" state ground sufficient to bar the claims. The OCCA  routinely bars claims that could have been but were not raised on appeal.

As to the adequacy of the procedural bar imposed on Petitioner's claim of ineffective assistance of trial counsel, the Tenth Circuit Court of Appeals has recognized that countervailing

12

concerns may justify an exception to the general rule of procedural default.  Brecheen v. Reynolds,

41 F.3d 1343, 1363 (10th Cir. 1994) (citing Kimmelman v. Morrison, 477 U.S. 365 (1986)).  The

unique concerns are "dictated by the interplay of two factors: the need for additional fact-finding,

along with the need to permit the petitioner to consult with separate counsel on appeal in order to

obtain an objective assessment as to trial counsel's performance."  Id. at 1364 (citing Osborn v.

Shillinger, 861 F.2d 612, 623 (10th Cir. 1988)).  The Tenth Circuit explicitly narrowed the

circumstances requiring imposition of a procedural bar on ineffective assistance of counsel claims

first raised collaterally in English v. Cody, 146 F.3d 1257 (10th Cir. 1998).  In English, the circuit

court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in
> those limited cases meeting the following two conditions: trial and appellate counsel
> differ; and the ineffectiveness claim can be resolved upon the trial record alone.  All
> other ineffectiveness claims are procedurally barred only if Oklahoma's special
> appellate remand rule for ineffectiveness claims is adequately and evenhandedly
> applied.

Id. at 1264 (citation omitted).

After reviewing the record in the instant case in light of the factors identified in English, the

Court concludes that the procedural bar imposed by the state courts on Petitioner's ineffective

assistance of trial counsel claim is based on grounds adequate to preclude federal habeas review.

Petitioner was represented at trial by attorneys Jessica E. Rainey and James Dennis.  On appeal,

Petitioner was represented by S. Gail Gunning.  For purposes of the first requirement identified in

English, the Court finds that Petitioner had the opportunity to confer with separate counsel at trial

and on appeal.  The second English factor requires that the claim could have been resolved either

"upon the trial record alone" or after adequately developing a factual record through some other

procedural mechanism.  Id. at 1263-64.  Even if Petitioner's claims in this case could not all be

13

resolved on the trial record alone, Petitioner has not alleged that the Oklahoma remand procedure, as provided by Rule 3.11 of the *Rules of the Oklahoma Court of Criminal Appeals*, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims.  See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure).  Although Respondent has alleged an independent and adequate procedural bar, Petitioner has not put the adequacy of Oklahoma's remand procedure at issue.  See Dkt. # 10. As a result, he cannot demonstrate that Oklahoma's procedural bar is inadequate and his claim of ineffective assistance of trial counsel is procedurally barred.

Because of Petitioner's procedural default, this Court may not consider the claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered.  See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997).  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In this case, Petitioner makes a generalized statement that "trial and appellate counsel both failed to research the law surrounding Petitioner's prior convictions use[d] as enhancer against him

... " See Dkt. # 1. The Court liberally construes the petition as alleging that appellate counsel provided ineffective assistance in failing to raise claims of improper sentence enhancement and ineffective assistance of trial counsel on direct appeal and that, as a result, his appellate counsel was the cause for his procedural default. As discussed above, however, appellate counsel did not perform deficiently in failing to raise the omitted claims on direct appeal.  Therefore, Petitioner's claim of ineffective assistance of appellate counsel does not constitute "cause" sufficient to excuse Petitioner's procedural default.  Carrier, 477 U.S. at 488-89.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995).  To meet this test, a criminal defendant must make a colorable showing of factual innocence.  Beavers v. Snaffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Petitioner does not assert that he is actually innocent of the crime for which he was found guilty.  As a result, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's second ground as well as his claim of ineffective assistance of trial counsel.[2]  Coleman v. Thompson, 510 U.S. 722, 724 (1991). Habeas corpus relief on those grounds shall be denied.

---

[2]Even if these claims are not procedurally barred, habeas corpus relief would be denied.  The Court has determined in Part B(2), above, that appellate counsel did not perform deficiently in failing to raise the omitted claims on direct appeal because the claims lack merit.

**D. Challenge to post-conviction ruling by the state courts not cognizable (ground 4)**

As his fourth proposition of error, Petitioner complains that the state court erred in denying post-conviction relief in a "summary fashion." <u>See</u> Dkt. # 1.  Specifically, Petitioner asserts that he raised issues of fact and that Oklahoma's post-conviction corrective process was inadequate to afford him a full and fair determination on the merits of his claims.  The Tenth Circuit Court of Appeals has consistently ruled that challenges to state post-conviction procedures do not rise to the level of federal constitutional claims cognizable on habeas corpus review.  <u>See</u> <u>Phillips v. Ferguson</u>, 182 F.3d 769, 773-74 (10th Cir. 1999); <u>Sellers v. Ward</u>, 135 F.3d 1333, 1339 (10th Cir. 1998) (when petitioner asserts no constitutional trial error, but only error in the state post-conviction procedure, no relief can be granted in federal habeas corpus); <u>Steele v. Young</u>, 11 F.3d 1518, 1524 (10th Cir. 1993); <u>Hopkinson v. Shillinger</u>, 866 F.2d 1185, 1219-20 (10th Cir. 1989) (stating that "a claim that procedural errors occurred during the state postconviction proceedings would not rise to the level of a federal constitutional claim cognizable in habeas corpus"), *overruled on other grounds*, <u>Sawyer v. Smith</u>, 497 U.S. 227 (1990).  As a result, Petitioner's claim, to the extent it challenges the interpretation and application of Oklahoma's post-conviction procedures by the OCCA, is not cognizable in this federal habeas corpus and shall be denied on that basis.

*CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus

(Dkt. # 1) is **denied**.

SO ORDERED THIS 18th day of December, 2007.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

17